**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

CRC RESTAURANT GROUP LLC,

    Debtor.

_____/

Case No. 6:24-bk-04571-TPG

Chapter 11
Subchapter V
EIN: 47-4855168

## CHAPTER 11 CASE MANAGEMENT SUMMARY AND STATUS REPORT

Debtor and Debtor-in-Possession, CRC RESTAURANT GROUP LLC ("Debtor"), by and through its undersigned proposed counsel and pursuant to Local Rule 2081-1 and 11 U.S.C. § 1188(c), files this Summary of the Case and Status Report, stating as follows:

1. On August 28, 2024 ("Petition Date"), the Debtor filed a voluntary petition (Doc. 1, "Petition") for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101, *et seq.*, the "Bankruptcy Code").

### DESCRIPTION OF THE DEBTOR'S BUSINESS

2. The Debtor is a Florida limited liability company created by Articles of Organization filed with the Florida Secretary of State on or around August 17, 2015.

3. The Debtor operates a sports bar/restaurant located in the heart of Cocoa Beach located 1 mile away from the cruise port.

### LOCATION OF THE DEBTOR'S OPERATIONS AND WHETHER LEASED OR OWNED

4. The Debtor's principal place of business is located at 5590 N Atlantic Avenue, Cocoa Beach, Florida, 32931 ("Premises"), which the Debtor leases from Ocean Partners Hospitality (a noninsider).

1

## **REASONS FOR FILING CHAPTER 11**

5.     The Debtor has suffered cash flow issues and got behind on its sales tax obligations to the State of Florida. Additionally, the Debtor improvidently agreed to guaranty a loan for an affiliated entity in the solar business.  Unfortunately, the loan that the Debtor improvidently agreed to guarantee was from a merchant cash advance lender, AKF Inc. d/b/a Fundkite, which loan has usurious and unconscionable terms.  The unconscionable loan from AKF Inc. d/b/a Fundkite has caused serious cash flow issues that have spiraled to become unmanageable.  It appears AKF Inc. d/b/a Fundkite was able to obtain a judgment against the Debtor and others in New York, without notice to the Debtor, which AKF Inc. d/b/a Fundkite then attempted to domesticate in Florida, but AKF Inc. d/b/a Fundkite failed to provide proper notice of the attempted domestication as required under Florida law.  AKF Inc. d/b/a Fundkite then sought an order to show cause and writ of bodily attachment from the state court, again without proper notice, but when the failure to provide proper notice was brought to the state court's attention during a recent hearing, the state court proceeded to entertain AKF Inc. d/b/a Fundkite's request for an order to show cause and writ of bodily attachment anyway, in what appears to be a blatant disregard of the Debtor's due process rights. Debtor reserves the right to challenge the validity and enforceability of AKF Inc. d/b/a Fundkite's loan, as well as AKF Inc. d/b/a Fundkite's failure to domesticate its alleged New York judgment properly in Florida.  The Debtor commenced this Chapter 11 Case in order to implement a comprehensive restructuring, stabilize its operations for the benefit of its customers, secured creditors, landlords, and other unsecured creditors; and to propose a mechanism to efficiently address and resolve all claims. The Debtor intends to use the bankruptcy reorganization process and relief provided by the Bankruptcy Code to reject certain leased locations for various business reasons and to issue

refunds to guests who are unable to find alternative accommodations offered by the Debtor. The filing of this Chapter 11 Case is not the end result of any strategy or attempt to avoid any lawful responsibilities or obligations. Rather, the Debtor commenced this Chapter 11 Case after a comprehensive review of all realistic alternatives and the consideration and balancing of a variety of factors.

### LIST OF MANAGERS AND INSIDERS AND THEIR SALARIES AND BENEFITS

6. Danny Chopra is the Debtor's sole member and is the 100% owner of the Debtor.

7. Danny Chopra is the Manager of the Debtor. His duties include managing and making decisions for the Debtor. In the year prior to the Petition Date, she received approximately $61,000.00 in compensation from the Debtor for his services; plus, health insurance.

8. Parshotam Chopra is the President of the Debtor. In the year prior to the Petition Date, he received approximately $0.00 in compensation from the Debtor for his services.

### DEBTOR'S ANNUAL GROSS REVENUES

9. In 2022, the Debtor had $1,299,977.74 in gross revenues; in 2023, the Debtor had $1,420,254.42 in gross revenues; and year-to-date in 2024, the Debtor has had $875,434.55 in gross revenues.

### AMOUNTS OWED TO VARIOUS CLASSES OF CREDITORS

**A.  Obligations Owed to Priority Creditors**

10. The Debtor owes approximately $351,019.33 to the Florida Department of Revenue for sales taxes.

**B.  Identity, Collateral, and Amounts Owed to Secured Creditors**

11. The Florida Department of Revenue is secured by a first-priority lien on the Debtor's personal property for the $351,019.33 in sales taxes that are owed.

12. In addition, AKF Inc. d/b/a Fundkite filed a UCC Financing statement; however, there is in sufficient value in the Debtor's assets to provide any security for AKF Inc. d/b/a Fundkite's claim, and therefore this claim is wholly unsecured and should have the lien stripped pursuant to 11 U.S.C. § 506. Accordingly, this claim has been scheduled as general unsecured claim, and the Debtor reserves all rights, remedies, defenses, and right to seek relief with respect to same. Further, the UCC would have merged into the New York state court judgment.

13. It should be noted that no creditors have a lien on the Debtor's cash collateral, so there is no need for the Debtor to seek authorization to use cash collateral. More specifically, section 679.3141 of the Florida Statutes provides that a lien on a deposit account must be perfected by "control" of the deposit account; and pursuant to section 679.1041 of the Florida Statutes, control by a secured party that is not the bank requires a specific agreement "in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor." Fla. Stat. § 679.1041(1)(b). Neither the Florida Department of Revenue nor AKF Inc. d/b/a Fundkite nor any of the other creditors has such a deposit control agreement, and therefore there are no creditors that have a lien on the Debtor's deposit account. The Debtor has no accounts receivable, nor does the Debtor have any other negotiable instruments, documents of title, securities, or other cash equivalents. As such, there is no need for the Debtor to seek authorization to use cash collateral.

C. **Amount of General Unsecured Claims**

14. The aggregate amount of general unsecured claims is approximately $1,500,000.00. As indicated above, this sum includes some claims that have filed UCC Financing Statements because such claims are wholly unsecured pursuant to 11 U.S.C. § 506.

### NUMBER OF EMPLOYEES AND AMOUNTS OF WAGES OWED AS OF PETITION DATE

15. The Debtor has 19 employees. [The Debtor does not owe any prepetition wages to any noninsider as of the Petition Date.] Going forward postpetition, Debtor intends to continue paying noninsider employees in the ordinary course of business.

### STATUS OF DEBTOR'S PAYROLL AND SALES TAX OBLIGATIONS

16. As mentioned above, the Debtor owes approximately $351,019.33 to the Florida Department of Revenue for sales taxes. The Debtor believes it is current on payroll taxes.

### REPORT PURSUANT TO 11 U.S.C. § 1188(c)

17. As required by 11 U.S.C. § 1188(c), Debtor provides this report detailing the efforts that the Debtor has undertaken and will undertake to attain a consensual plan of reorganization: Debtor has either communicated or intends to communicate with the Florida Department of Revenue, landlord, AKF Inc. d/b/a Fundkite, and all other creditors and interested parties and constituencies to attempt find a resolution to reorganize the Debtor's business for it to continue in operation. Debtor intends to continue its communications with the various creditors and other interested parties to attempt to attain a consensual plan.

### ANTICIPATED EMERGENCY/EXPEDITED RELIEF

18. The Debtor anticipates seeking the following emergency relief: motion to pay officers and insiders.

Respectfully submitted this 3rd day of September, 2024,

                                                */s/ Jeffrey S. Ainsworth*

JEFFREY S. AINSWORTH
Florida Bar No. 60769
JACOB D. FLENTKE
Flentke Legal Consulting, PLLC, Of Counsel
Florida Bar No. 25482
**BransonLaw, PLLC**
1501 E. Concord St.
Orlando, FL  32803
Phone:  407-894-6834
Fax:  407-894-8559
Primary E-mail:  jeff@bransonlaw.com
jacob@bransonlaw.com
jacob@flentkelegal.com
Secondary:  cole@bransonlaw.com
tammy@bransonlaw.com
lisa@bransonlaw.com
Attorneys for Debtor

6